```
UNITED STATES DISTRICT COURT
     DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **CHARLES D. HOLMES,**<br><br>Plaintiff,<br><br>v.<br><br>**NEWARK PUBLIC SCHOOLS, et al.,**<br><br>Defendants. | Civil Action No. 13-765 (FSH)<br><br>**ORDER AND OPINION<br>DENYING PLAINTIFF'S<br>MOTION TO STRIKE<br>DEFENDANTS' ANSWER** |

**THIS MATTER** comes before the Court upon motion by *pro se* Plaintiff, Charles Holmes, to strike Defendant's Answer for failure to answer, move or respond in a timely manner. Docket Entry No. 23. Defendants, Newark Public Schools, Gerald Samuels Jr., Nicolas Salardino, Atiba Buchman, Mitchell Center, Genevieve Murray ("Defendants"), oppose the motion, arguing that while out of time, Plaintiff suffers no prejudice in allowing the Answer to stand and the case to proceed. For the reasons set forth below, Plaintiff's Motion to Strike Defendants' Answer is DENIED.

## Background

Plaintiff filed the underlying action in New Jersey Superior Court on August 2, 2011 against Defendant Newark Public Schools alleging age, race, and gender discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*. Defendant answered and the parties engaged in discovery. On January 25, 2013, the Superior Court granted Plaintiff leave to file an Amended Complaint. In the Amended Complaint, Plaintiff named the remaining Defendants and added several new claims including violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-4, and the First and Fourteenth Amendments of the United States Constitution.

Defendants removed the action on February 6, 2013 on the basis of subject matter jurisdiction. *See* Docket Entry No. 1. The Undersigned conducted an initial scheduling order, pursuant to Fed. R. Civ. P. 16 and 26 on August 28, 2013. The Court entered a scheduling order on August 29, 2013, which was amended on September 4, 2013 to correct dates by which the parties may respond to written discovery requests. *See* Docket Entry Nos. 17 & 18. Defendants filed their Answer on September 12, 2013. Docket Entry No. 19. Plaintiff filed an appeal of the scheduling order on September 18, 2013, which was denied on October 24.[1] *See* Docket Entry Nos. 20 & 27. Plaintiff then filed the instant Motion to Strike on October 10, 2013.

**Analysis**

Plaintiff seeks to strike Defendants' Answer for failing to timely answer, move, or otherwise respond as is required under Fed. R. Civ. P. 12 and 81. Plaintiff's Brief ("Pl.'s Br.") at Docket Entry No. 23-1. Plaintiff argues that Defendants evidence a total disregard for the Federal Rules. *Id.* at 4-5. Not only did Defendants fail to Answer on time, but they also failed to request or move for an extension of time pursuant to Fed. R. Civ. P. 6. *Id.* Instead, Defendants filed their Answer, without comment or explanation, approximately 200 days after it was otherwise to be filed. *Id.* at 4. Defendants further failed to explain any excusable neglect for their delay. *Id.* at 4-5. Plaintiff states that Defendants' delay has prejudiced him. *Id.* at 6.

Defendants oppose the motion claiming that while the Answer is late, any delay has not been prejudicial to Plaintiff. Defendants' Opposition ("Defs.' Opp.") at Docket Entry No. 26. Defendants argue that where there is no prejudice, the case should not be dismissed, but proceed to its merits. *Id.* at 7. Here, Defendants answered in state court and began the discovery process. *Id.* at 10. The Court conducted a scheduling conference and Plaintiff did not object to

---

[1] Plaintiff's appeal of the scheduling order was denied by the Hon. Faith S. Hochberg, U.S.D.J., on October 24, 2013, as an improper appeal. *See* Docket Entry No. 27.

Defendant's failure to timely answer or state any prejudice at that time. *Id.* at 5. Additionally, Plaintiff has been aware of Defendants' position denying any discrimination occurred since the case was initiated in state court. *Id.* at 10.

Under Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* While striking a pleading is firmly within the court's discretion, it is considered a drastic remedy and generally disfavored. *See Wilson v. King,* 2010 WL 678102, at * 2 (E.D. Pa. Feb. 24, 2010). Courts have long preferred to resolve cases on their merits and not through default or on a technicality. *See Canady v. Erbe Elektromedizin GMBH*, 307 F.Supp.2d 2, 8 (D.D.C 2004). Thus, when faced with a motion to strike, courts look to balance the preference to reach the merits with the prejudice to the moving party. *See Wilson*, 2010 WL 678102 at *3.

Here, the Court declines to strike Defendants' Answer. Plaintiff is correct in noting that Defendants were late in filing their answer, and did so without any letter addressing its delay. However, the case has already made progress towards the merits and there is little evidence of actual prejudice to Plaintiff. The Undersigned conducted an initial scheduling conference with the participation of the parties. A schedule was set. The parties have engaged in discovery. While Plaintiff states he is prejudiced by the delay in answering, he provides no further explanation of how he is or may be prejudiced. Thus, in light of the limited prejudice and the progress made, the Court denies Plaintiff's Motion to Strike Defendants' Answer.

For the reasons stated above,

**IT IS** on this **27th** day of **November, 2013,**

**ORDERED** that Plaintiff's Motion to Strike Defendants' Answer is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall terminate the motion at Docket Entry No. 23.

                                                  s/ James B. Clark, III
                                                  **JAMES B. CLARK, III**
                                                  **United States Magistrate Judge**