UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES D. HOLMES, <br><br> Plaintiff, <br><br> v. <br><br> NEWARK PUBLIC SCHOOLS, et al., <br><br> Defendants. | Civil Action No. 13-765 (FSH) <br><br> ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT |

**THIS MATTER** comes before the Court upon motion by *pro se* Plaintiff, Charles Holmes, to amend his complaint to add additional defendants. Docket Entry No. 28. Defendants, Newark Public Schools, Gerald Samuels Jr., Nicolas Salardino, Atiba Buchman, Mitchell Center, Genevieve Murray ("Defendants"), oppose the motion, arguing that Plaintiff's motion is procedurally deficient, untimely, and futile. Docket Entry No. 30. For the reasons set forth below, Plaintiff's Motion to Amend is DENIED.

**Procedural History and Background**

Plaintiff filed the underlying action in New Jersey Superior Court on August 2, 2011 against Defendant Newark Public Schools alleging age, race, and gender discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"). On January 25, 2013, the Superior Court granted Plaintiff leave to file an Amended Complaint. In the First Amended Complaint ("FAC"), Plaintiff named the remaining Defendants and added several new claims including violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-4, and the First and Fourteenth Amendments of the United States Constitution.[1] Defendants removed the action to federal court on February 6, 2013. *See* Docket Entry No. 1.

---

[1] In the instant motion, Plaintiff merely states that he seeks leave to file an Amended Complaint. Since Plaintiff previously amended the complaint while this action was venued in state court, *see* First Amended Complaint,

In Plaintiff's FAC, he alleged that Defendants "discriminated, harassed, created a hostile work environment, aided and abetted, defamed, retaliated against, and caused intentional infliction of emotional distress." *See* FAC at 22. In support of his claims, Plaintiff named several individual Defendants and cited their unfair performance reviews, allegations of misconduct, and heightened scrutiny. *See id.* at 22-25.

On November 1, 2013, Plaintiff filed the instant Motion to Amend, dated October 31, 2013. *See* Docket Entry No. 28. While Plaintiff did not provide a proposed amended pleading, Plaintiff explains in his motion papers that he seeks to add two new Defendants, Sandra Rodriquez, Director of Newark Public School's Early Childhood Department, and Laurette Asante, direct of Labor and Employee Relations. *See* Plaintiff's Brief ("Pl.'s Br.") at Docket Entry No. 28-2. Plaintiff alleges the two proposed Defendants "are charged with aiding and abetting in the retaliation and discrimination of Mr. Holmes, and not taking any steps, as required under law, to curtail the illegal harassment, retaliation and discrimination of Plaintiff." *Id.* at 2.

Specifically, Plaintiff alleges Asante "assisted several administrators in the retaliation, harassment, and discrimination of Plaintiff by approving of disciplinary measures that were not warranted" and sent letters informing Plaintiff of the discipline issues. *Id.* at 3. Additionally, Plaintiff claims that Asante "assisted and did not advise against" Defendants' retaliation against Plaintiff for his filing the underlying Complaint. *Id.* at 3-4.

In turn, Plaintiff alleges that Rodriguez aided and abetted other Defendants in forcing him out of his school. *Id.* at 5. More particularly, Plaintiff states that Defendant Buckman, the principal of Mr. Holmes's school, canceled the class usually taught by Plaintiff. *Id.* Plaintiff claims that Buckman could not have done so without approval from Rodriguez as the Director of

---

Docket Entry No. 1-2 at 19, Exhibit H to Defendants' Notice of Removal, Docket Entry No. 1, the Court will refer to the pending motion as a request for leave to file a Second Amended Complaint.

2

the Early Childhood Department. *Id.* Then, Plaintiff contends, he was not given an open position for similar class level, and instead was transferred to another school as a teacher's aide. Additionally, Plaintiff claims that while he was still teaching, Rodriguez aided and abetted the other Defendants in their retaliation by putting a social worker in his classroom, up to twice a week for long periods of time, and by assigning a master teacher to observe the class. *Id.* at 4.

**Analysis**

Defendants argue that Plaintiff's Motion for Leave to Amend should be denied because it is procedurally deficient and futile. Defendants argue Plaintiff filed the motion a day later than was allowed per the scheduling order, without the proposed Second Amended Complaint, and without demonstrating good cause for the late amendment pursuant to Rule 16. The Court notes that while Defendant is technically correct that Plaintiff filed out of time, without the required papers under L. Civ. R. 7.1, and without demonstrating good cause, Plaintiff is appearing *pro se,* and the Court allows a certain degree of flexibility for *pro se* litigants. *See Erikson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman,* 371 U.S. at 182.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District

3

Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). When faced with a motion to dismiss for failure to state a claim, the court conducts a two-step analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual elements are separated from the legal elements of the claim. *Id.* at 210-11. In particular with *pro se* pleadings, the Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id*.

Second, the court must decide if the facts alleged are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009)). A plausible claim is one which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1948). "Ultimately, this two-part analysis is 'context specific' and requires the court to draw on 'its judicial experience and common sense' to determine if the facts pled in the complaint have 'nudged [plaintiff's] claims' over the line from '[merely] conceivable or [possible] to plausible.'" *Hobson v. St. Luke's Hospital and Health Network*, 735 F.Supp.2d 206, 211 (E.D. Pa. 2010) (quotin*g Fowler*, 578 F.3d at 211).

As a threshold concern, it is unclear under what causes of action Plaintiff seeks to hold Rodriguez and Asante liable. In the Plaintiff's FAC, Plaintiff has alleged claims under Title VII of the Civil Rights Act of 1964 and the NJLAD. The Third Circuit has concluded that individuals cannot be held liable under Title VII. *See Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1077-78 (3d Cir. 1996); *Cortes v. University of Medicine and Dentistry of*

4

*New Jersey,* 391 F.Supp.2d 298, 331 (D.N.J. 2005). Insofar as Plaintiff seeks to hold Asante and Rodriguez liable under Title VII, these claims fail.

The NJLAD does contemplate individual liability for aiding and abetting. *See* N.J.S.A. 10:5-12(e). To be liable as an aider or abettor under the LAD, "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." *Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004) (citing *Hurley*, 174 F.3d at 127). Courts determine which conduct is "substantial assistance" based on five factors: "(1) the nature of the act encouraged; (2) the amount of assistance given by the supervisor; (3) whether the supervisor was present at the time of the asserted harassment; (4) the supervisor's relations to the others; and (5) the state of mind of the supervisor." *See Ivan v. County of Middlesex*, 595 F.Supp.2d 425, 462 (D.N.J. 2009) (quoting Restatement (Second) of Torts § 876(b), comment d).

Individual liability for aiding and abetting under NJLAD however, is limited to supervisory employees. *See Cortes*, 391 F.Supp.2d at 314 (citing *Hurley v. Atlantic City Police Dep't,* 174 F.3d 95, 129 (3d Cir. 1999)). The theory of liability is based on the supervisor's duty to act against harassment and "[w]hen a supervisor flouts this duty he subjects himself and his employer to liability." *Hurley*, 174 F.3d at 126 (citing *Judson v. Peoples Bank & Trust Co.,* 25 N.J. 17 (1957)). It must be remembered, however, that it is the employer that is liable for the violations of NJLAD, and the aiding and abetting is the assistance in those wrongs. *Hurley*, 174 F.3d at 129. The inherent danger is the application of a type of reverse respondeat superior in which the agent becomes personally liable for the violations of the employer. *See Ivan*, 595 F.Supp.2d at 464. Thus, to prevent this improper application of liability, the supervisory

employee cannot be liable on the basis of mere knowledge or involvement, and the "degree of involvement, knowledge and culpability required as a basis for liability is heightened by the standard that the Restatement sets forth and [adopted by the Third Circuit]" as set out above. *Id.*

Here, Plaintiff fails to sufficiently plead this heightened standard of culpability, involvement, or knowledge. Plaintiff bases Asante's liability on her position as Director of Labor and Relations and that she approved and informed Plaintiff of his disciplinary meetings. Plaintiff similarly bases Rodriguez's liability on her position as Director of Early Childhood Development, the fact that observers were placed in his classroom, and that he was not given another position when his class was canceled. Lacking are any allegations of their knowledge, awareness, or their states of mind. Additionally, Plaintiff has not provided any information through which the Court may ascertain the relationships between the Defendants and Asante and Rodriguez. Taking all statements pled by Plaintiff as true, the Court simply lacks the necessary allegations to evaluate the "degree of involvement, knowledge and culpability" by which Asante and Rodriguez may be liable. *See Ivan*, 595 F.Supp.2d at 464. The Court thus denies Plaintiff's motion for leave to amend.

For the reasons stated above,

**IT IS** on this **4th** day of **December, 2013,**

**ORDERED** that Plaintiff's Motion to Amend is **DENIED**; and it is further

**ORDERED** that the Clerk's Office is to terminate the motion at Docket Entry No. 28.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**